IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALAN WOODRUFF, TERRY MULCAHY,
CRAIG HARRIS, DONALD HILLIS,
MICHAEL MUDD, and
GREEN PARTY OF NEW MEXICO,

                    Plaintiffs,

vs.                                          Civ. No.  10-686 JH/KBM

MARY HERRERA, Individually and in her
capacity as New Mexico Secretary of State,
DON FRANCISCO TRUJILLO, Individually
and in his official capacity as Director of the
Bureau of Elections in the office of the Secretary
of State, and GARY KING, in his official
capacity as Attorney General for the State of
New Mexico,

                      Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Plaintiffs' *Motion to Disqualify Scott Fugua [sic], Esq*. [Doc. No. 6]. After reviewing the briefs, the arguments, the complaint, and the applicable legal authorities, the Court concludes that the motion should be denied.

### BACKGROUND

This case has its roots in litigation that began in May of 2009, when Alan Woodruff filed a complaint on behalf of himself and several others, including Donald Hillis and the Green Party of New Mexico, against then New Mexico Secretary of State Mary Herrera. That case is *Woodruff, et al. v. Herrera*, 09cv449 JH/KBM (*"Woodruff I"*). In that case, Plaintiffs asserted 15 causes of action asserting that various provisions of New Mexico's Election Code are unconstitutional. In

1

*Woodruff I* Plaintiffs request declaratory judgment to that effect as well as injunctive relief either prohibiting the enforcement of the Election Code or directing the Secretary of State to place Plaintiffs' names on the general election ballot. After the Court ruled on many motions to dismiss and for summary judgment in *Woodruff I*, Plaintiffs filed a motion for leave to amend their complaint, which the Court denied. In response, on February 11, 2010, Mr. Woodruff filed two new lawsuits regarding the constitutionality of the Election Code. In *Woodruff v. Herrera* (hereafter, "*Woodruff II*"), 10cv123 JH/KBM, Mr. Woodruff and the Green Party asserted claims that overlapped considerably with those previously asserted in *Woodruff I*. In *Reform Party of New Mexico, et al. v. Herrera (*hereafter, *"Reform Party")*, 10cv124 JH/KBM, filed the same day, the complaint is identical to that in *Woodruff II*, but it adds new plaintiffs who did not participate in *Woodruff I*. All three cases have been consolidated into *Woodruff I*. Litigation in *Woodruff I*, *Woodruff II*, and *Reform Party* is ongoing, though many of the Plaintiffs' claims have been addressed on pretrial motions.

On June 30, 2010, Plaintiffs filed the above-captioned case, "*Woodruff III*," in the Second Judicial District Court, Bernalillo County, New Mexico. It is the fourth case that Alan Woodruff has filed against the Secretary of State in the District of New Mexico on the subject of the Election Code, and the third in which he is a plaintiff. Rather than declaratory or injunctive relief, Plaintiffs in the present case request money damages from the Defendants for the alleged violation of their constitutional rights pursuant to 42 U.S.C. § 1983. Specifically, Plaintiffs allege that the Defendants improperly denied them access to the 2010 general election ballot by rejecting the qualifying petitions for the Green Party, as well as Alan Woodruff and Terry Mulcahy's individual candidate qualifying petitions. Plaintiffs further allege that all voters in New Mexico constitute a class whose rights to vote have been impaired by Defendants' actions. Plaintiffs allege that Craig Harris, Donald

2

Hillis, and Michael Mudd are appropriate class representatives. On July 20, 2010, the Defendants removed this case to this federal district court in accordance with 28 U.S.C. §§ 1331 and 1441.

Now, Plaintiffs move to disqualify Scott Fuqua from serving as counsel for the Defendants.

## DISCUSSION

### A.   Conflicts Among Defendants

Plaintiffs argue that Mr. Fuqua should be disqualified from representing all Defendants because there is an irreconcilable conflict of interest among them. Plaintiffs base their argument on their belief as to how the Defendants are "likely to defend" the lawsuit. *See* Doc. No. 13 at 2. According to Plaintiffs, the Secretary of State has different interests as a defendant sued in her official capacity than she does as a defendant sued in her personal capacity. Thus, argue Plaintiffs, Herrera has an interest in arguing that she was acting at all times in her official capacity in order to shift financial liability to the State, while the State has an interest in characterizing her actions as outside the scope of her duties, thereby shifting liability to her. Plaintiffs further argue that the Defendants are likely to defend their actions by relying on the advice of counsel defense—that is, that will argue that they acted as they did solely because Defendants' counsel Scott Fuqua so instructed them. None of the Defendants have made any of the foregoing arguments, but rather Plaintiffs speculate that the Defendants could raise these defenses.

According to the Tenth Circuit, "[g]iven the potential conflict between the defenses available to a government official sued in his individual and official capacities, we have admonished that separate representation for the official in his two capacities is a wise precaution." *Johnson v. Bd. of County Comm'rs*, 85 F.3d 489, 493 (10th Cir. 1996) (quotation omitted). However, the Tenth Circuit only requires separate counsel if a *potential* conflict turns into an *actual* conflict. *Id.* In 2005, the Tenth Circuit relied upon *Johnson* in upholding a district court's denial of a motion to

3

disqualify counsel who represented both a municipality and a police officer in his official and personal capacities. *Galindo v. Town of Silver City*, 127 Fed. Appx. 459, 2005WL762120 (10th Cir. April 5, 2005) (unpublished). The Court recognized that there was a potential conflict between the city and the officer. However, the Court concluded that no actual conflict resulted due to the district court's decision to grant summary judgment to all city defendants. *Id.* at *467-68, **6.

At this point in the case, the Court can discern no actual conflict of interest among Defendants that would disqualify Mr. Fuqua from continuing to act as sole counsel to all of them. Though Plaintiffs speculate as to the arguments that Defendants might make in the case, no such arguments have been made and there is of yet no actual conflict. Plaintiffs offer "proof" of a conflict in light of the fact that Mr. Fuqua filed a motion to dismiss the claims against Defendant Gary King in his official capacity of Attorney General for the State of New Mexico, but filed no such motion as to the other defendants. According to Plaintiffs, this demonstrates Mr. Fuqua's bias in favor of Mr. King and against the other Defendants. The Court does not agree. Even a cursory review of the caption reveals that Plaintiffs chose to sue King in his official capacity only, while suing the other Defendants in both their official and personal capacities. Thus, Mr. Fuqua's decision to file the motion to dismiss as to Mr. King only could be based on that, or on any number of litigation strategies. At this point, that fact is not proof of bias or conflict. Furthermore, as was the case in *Galindo*, there is no actual conflict because in a Memorandum Opinion and Order entered contemporaneously with this one, the Court is granting Defendants' motion to dismiss Plaintiffs' claims.

**B.**     **Attorney as Necessary Witness**

Plaintiffs argue that Mr. Fuqua should be disqualified from acting as counsel in this case because he will be a necessary witness at trial. The basis of their contention is the allegation in their

complaint that Mr. Fuqua conspired with the Defendants in this case "to avoid judicial determination of the constitutionality of provisions of the Election Code and the Green Party's right of ballot access" by "using, and exceeding, the maximum time permitted by judicial rules for filing pleadings," employing unspecified "procedural tactics" to prevent courts from ever addressing those issues, and "causing and/or permitting officials of the Office of the Secretary of State to provide false information in defense of provisions of the Election Code." Complaint at ¶ 44. They contend that Mr. Fuqua will be required to testify in this case regarding his alleged "misconduct" in *Woodruff I* and its member cases.

Under the New Mexico Rules of Professional Conduct applicable to attorneys practicing in this state, "[a] lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness." Rule 16-307(A), NMRA 2010. In *Chappell v. Cosgrove*, 121 N.M. 636, 640 (1996), the New Mexico Supreme Court explained that the party seeking disqualification bears the burden of demonstrating that the lawyer it seeks to disqualify is the sole source of evidence that is both material to the case and prejudicial to his client. The Court stated:

> We hold that an attorney may not be disqualified under Rule 16-307 absent a showing by the party seeking disqualification that the attorney's testimony is material to an issue in the case, that the evidence to be elicited from the attorney's testimony is not available from another source, and that the attorney's testimony is potentially prejudicial to his client's case. Ordinarily threshold discovery will be necessary to establish these elements.

*Id*. The Plaintiffs have failed to meet that burden here. While their motion is long on rhetoric and generalizations that Defendants "conspired with [Mr. Fuqua] to avoid judicial determinations of the constitutionality of provisions of the Election Code," *see* Complaint, Doc. No. 1, at ¶ 44, it entirely lacks specific factual information to support any claim that any testimony that Mr. Fuqua might offer at trial meets the criteria set forth in *Chappell*. For example, the motion lacks specific

5

information regarding what Mr. Fuqua's testimony will be, how it is relevant to Plaintiffs' claims, why no other witness can offer that testimony, and how it is detrimental to the Defendants.

Next, Plaintiffs argue that the prospective use of the "advice of counsel" defense by Defendant Don Francisco Trujillo would make Mr. Fuqua a necessary witness. However, Trujillo has not raised the defense, making this argument premature. Thus, the Court need not consider its merits.

## C.     Attorney-Client Privilege

Plaintiffs argue that Mr. Fuqua cannot avoid testifying as a witness by invoking the attorney-client privilege because the crime-fraud exception and other exceptions apply. The privilege holds in specific situations in which an attorney is asked to disclose particular communications with a client, and it is subject to particular exceptions. The applicability of the privilege and its exceptions cannot be guessed at, as they are entirely dependent on the facts and circumstances surrounding the attorney-client communication. Again, the Court cannot speculate on the applicability of the attorney-client privilege based on the scant information before it.

## D.     Personal Interest

Plaintiffs contend that Mr. Fuqua has a personal interest in this case that requires that he be disqualified from representing the Defendants. Pointing to their allegation that Defendants conspired with Mr. Fuqua to impair Plaintiffs' constitutional rights, they cite *United States v. Heldt*, 668 F.2d 1238, 1275 (D.C. Cir. 1981) for the proposition that a prosecutor has an interest in the outcome of a case if it raises allegations of bad faith in his performance of official duties. Mr. Fuqua is not a defendant in the lawsuit. However, Plaintiffs contend that if their allegations of conspiracy are proven correct, they will have a direct effect on Fuqua's personal and professional reputation.

The Court will deny the motion, as it is unclear whether and to what extent Mr. Fuqua's

actions are relevant to Plaintiffs' claims and will therefore need to be proven in this lawsuit. In Count I of their complaint, they contend that the Defendants, of whom Mr. Fuqua is not one, have unconstitutionally denied them access to the ballot by refusing to accept petitions qualifying the Green Party as a recognized political party in New Mexico, as well as refusing to accept candidate petitions that would enable Plaintiffs Woodruff and Mulcahy to be placed on the 2010 primary general election ballot. Thus, the question posed in Count I is whether Defendants' actions in not accepting Plaintiffs' petitions were lawful under the Election Code and the constitution. It is not clear that the actions of a non-party, Mr. Fuqua, are relevant in that regard—though perhaps that could change in the future, depending upon the arguments raised by the parties. In Count II, Plaintiffs ask the Court to certify a class comprised of all registered New Mexico voters to be represented by Plaintiffs Hillis, Harris and Mudd. They allege that the Defendants interfered with the interests of all New Mexico voters in having electoral choices and in exercising their right to vote. For the same reasons, at the present time it is not clear that Mr. Fuqua's conduct is relevant to Count II. For this additional reason, the Court will deny the motion.

**E.      Legal Representation Provided by the State of New Mexico**

Finally, Plaintiffs argue that Defendants Mary Herrera and Don Francisco Trujillo are not entitled to representation provided by the State of New Mexico—in this case, through Mr. Fuqua, an Assistant Attorney General—for claims that Plaintiffs have asserted against them in their individual capacities. Without citing any specific authority (other than a generalized nod to the New Mexico Tort Claims Act, NMSA 1978, § 41-4-1 et seq.), Plaintiffs argue that because they have alleged that Herrera and Trujillo acted outside the scope of their duties as state officials, those defendants require separate, privately funded counsel for the claims against them in their individual capacities. At this point in the litigation, the Court disagrees. The Tort Claims Act provides that

the state must pay a settlement, judgment, attorney's fees and costs for any public employee sued for acts performed in the scope of his or her duties.  *See* § 41-4-4 (B), (D).  The statute is silent as to legal representation for public employees who have been accused of acting both within and outside the scope of their duties.

Plaintiffs have sued Herrera and Trujillo in both their official and personal capacities, suggesting that Plaintiffs have left open the possibility that the Defendants may have been acting within the scope of their duties.  Plaintiffs have *alleged* that defendants acted outside the scope of their duties, nothing more.  At this point in the litigation, no defendant has taken a position as to whether either Herrera or Trujillo acted outside the scope of his or her duties.  Certainly no determination has been made as to this issue.  In light of these facts and on this record, the Court sees no grounds to order separate private counsel for Herrera or Trujillo.

**IT IS THEREFORE ORDERED** that (1) the Plaintiffs' *Motion to Disqualify Scott Fugua [sic], Esq.* [Doc. No. 6] is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE